ISOBEL ISSERLIS, PLAINTIFF, v.
MORRIS ISSERLIS, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided February 2, 1968.

Mr. *Robert H. Simandl* for plaintiff (*Messrs. Simandl & Leff*, attorneys).

Mr. *Leonard I. Weinglass* for defendant.

FURMAN, J. S. C. On motion the issue is raised whether a wife is entitled to reimbursement from her husband for one-half the mortgage payments on the marital home, which she paid out of support awarded to her in a judgment of separate maintenance (*N. J. S.* 2A:34-24) and a preceding order *pendente lite.*

The ownership of the marital home as a tenancy by the entirety survived the judgment of separate maintenance. See *Lawrence v. Lawrence,* 79 *N. J. Super.* 25, 32–33 (*App. Div.* 1963) ; 4 *Powell on Real Property* (4*th ed.* 1967), § 624, *p.* 671. Some judicial opinions have referred to the relationship of tenants by the entirety as tenants in common *inter sese* (*Nobile v. Bartletta,* 109 *N. J. Eq.* 119 (*E. & A.* 1931) ; *Dorf v. Tuscarora Pipe Lines Co., Ltd.,* 48 *N. J. Super.* 26 (*App. Div.* 1957) ; *Ross v. Ross,* 35 *N. J. Super.* 242 (*Ch. Div.* 1955) ; *Pieretti v. Seigling,* 134 *N. J. Eq.* 105 (*Ch.* 1943)), but neither spouse has a right to a partition even upon a judgment of separate maintenance. See *Gery v. Gery,* 113 *N. J. Eq.* 59, 64–65 (*E. & A.* 1933) ; *Eberle v. Somonek,* 24 *N. J. Super.* 366, 374 (*Ch. Div.* 1953), aff'd 27 *N. J. Super.* 279 (*App. Div.* 1953).

Mr. and Mrs. Isserlis have agreed to a sale of the marital home and to a division of the net proceeds after deductions fixed by the court, including by stipulation approximately $10,000 due and owing as a support arrearage.

Mrs. Isserlis is seeking further deductions from her husband's share of the net proceeds: one-half her total payments of $14,040 towards mortgage principal and interest

and local taxes, and one-half her disbursement of $626.59 to the attorney who represented her in defense of an action to foreclose the mortgage on the marital home, which was dismissed upon her payment of the amount in default on March 20, 1964.

Mrs. Isserlis is making no claim for one-half credit for payments by her for insurance and repairs, nor is Mr. Isserlis seeking an accounting of rental income collected by his wife during several recent months when a room in the marital home was rented to a Rutgers student. Other than this small rental income, Mrs. Isserlis had no income except the support paid by her husband. She has continued to reside in the marital home at all times since the parties' initial separation.

Mrs. Isserlis filed her complaint for separate maintenance on October 11, 1963. The only child of the marriage is a daughter, then aged 20. An order for support *pendente lite* entered on December 23, 1963 provided that the defendant pay her support in the amount of $175 per week and pay all mortgage payments and interest and taxes on the marital home. Defendant defaulted on the mortgage payments for December 1963 and the first three months of 1964. On June 25, 1964, upon defendant's motion, plaintiff was ordered to pay mortgage, taxes and fire insurance "until the trial of this action." The support award of $175 per week was continued in the modified order *pendente lite* and in the judgment of separate maintenance entered on January 24, 1966. The judgment of separate maintenance failed to fix specifically the obligation to maintain the mortgage payments, despite plaintiff's motion to settle the form of judgment to include, among other things, a provision that defendant pay the mortgage on the marital home, in addition to the weekly support award. The mortgage payment, including principal, interest and local taxes, was approximately $260 per month.

After a drastic cut in Mr. Isserlis's income, on September 12, 1966 the support award was modified to $125 a week

and he was ordered to convey his right, title and interest in the marital home to Mrs. Isserlis, his equity to be applied to the support arrearage. Although at that time the arrearage may have exceeded the defendant's equity, concededly one-half the net appraised value today is higher by several thousand dollars than the current arrearage.

Alimony to a divorced wife or support to a wife entitled to separate maintenance enforces the husband's obligation to provide for her shelter, as well as for her other basic needs. That obligation is met by an allowance for rental payments (*Paragian v. Paragian*, 48 *N. J. Super.* 207, 214 (*J. & D. R. Ct.* 1957); see *McLeod v. McLeod*, 131 *N. J. Eq.* 44, 47–49 (*E. & A.* 1942); *cf. D. v. D.*, 56 *N. J. Super.* 357, 360 (*App. Div.* 1959)), or for mortgage payments on the marital home (see *Bartok v. Bartok*, 52 *N. J. Super.* 266, 269–270 (*App. Div.* 1958)).

This court need not decide whether in the absence of an order that the husband pay the mortgage principal and interest, a wife staying on in the marital home has the obligation, between herself and her husband, to maintain the mortgage payments out of her support income. As to the mortgagee both spouses remain principal obligors.

The case is clear. Mr. Isserlis was ordered to maintain the mortgage payments by the order *pendente lite*, Mrs. Isserlis by the modified order *pendente lite*. By necessary implication, the motion to reimpose the mortgage burden on Mr. Isserlis in the judgment of separate maintenance was denied.

Mrs. Isserlis founds her argument for a one-half credit for her mortgage payments upon a series of reported decisions: *Ross v. Ross, supra, Dorf v. Tuscarora Pipe Lines Co., Ltd., supra,* and *Smith v. Smith,* 78 *N. J. Super.* 28 (*Ch. Div.* 1963).

In *Ross* a wife, separated from her husband, converted the marital home into a boarding house. The renovations were financed by loans. She remained in possession, leased out rooms and paid the mortgage installments, taxes and

insurance primarily out of her rental income and out of additional income as a waitress. During the 12-year period from the separation until the divorce her husband intermittently paid her $12 per week support. Judge Goldmann sitting in the Chancery Division held that the wife was entitled to reimbursement for one-half her payments prior to the divorce for mortgage principal and interest and improvements, but not for repairs, taxes, insurance and water rates which were "practically in balance" with rental income.

*Smith* dealt with the issue of priority after a partition sale between federal tax liens against the husband and the claim of the divorced wife for contribution for one-half her mortgage payments prior to the final divorce judgment. Citing *Ross* the court stated:

"Plaintiff claims that a wife who discharges a mortgage lien and pays taxes on, and necessary repair costs for, mutually owned property prior to a divorce, has a right of contribution from her husband although the parties are not living together. Her right to contribution is unquestioned." (at *p.* 23).

The former husband did not challenge this claim. The source of Mrs. Smith's mortgage payments, whether from a separate estate (see *Pieretti v. Seigling, supra,* at *p.* 106), or rental income as in *Ross* or from support payments *pendente lite,* is not developed in the opinion. The *Smith* holding preserves the divorced wife's right to the reimbursement which she sought out of her former husband's share of the net proceeds, prior to the federal tax liens against him. *Weh v. Weh,* 63 *N. J. Super.* 238 (*Ch. Div.* 1960), is in accord.

*Dorf* is a more general authority, granting a credit of one-half taxes, insurance, repairs and maintenance payments to a husband in possession of property owned by the entirety, after his wife's desertion.

▇ The circumstances in the present case are distinguishable from *Ross, Smith* and *Dorf.* Between the parties Mrs. Isserlis was obligated to maintain the mortgage pay-

ments after June 25, 1964. She had no separate estate or income (except rental income for a brief period). The amount of the support award reflected her obligation; presumably it included her husband's one-half share of the mortgage payments. To grant the allowance Mrs. Isserlis is seeking would be to force Mr. Isserlis to repay what he has already paid.

Under the same principle, an opposite holding is reached on Mrs. Isserlis's claim for repayment of the fee paid by her to an attorney in the defense of the mortgage foreclosure action. The default occurred during the months when pursuant to the initial order *pendente lite* Mrs. Isserlis was obligated to maintain the mortgage payments. The dereliction was his; he is accountable for his wife's expenditure in staving off a foreclosure.

An order should be submitted providing for the deductions of the accumulated arrearage, including any mortgage payments by Mrs. Isserlis for the months prior to July 1964, and of the attorney's fee of $626.59 out of the defendant's share of the net proceeds on the forthcoming sale of the marital home.